language used does not justify. A similar question was presented in Loomis v. Chicago, Milwaukee & St. Paul Ry. Co., 102 Fed. 233, 42 C. C. A. 290, and the conclusion reached by the Circuit Court of Appeals sustains the above view.

It follows, therefore, there must be judgment for the defendant, dismissing the plaintiff's claim, with costs. All concur.

(119 App. Div. 713)

PEOPLE ex rel. SEELYE et al. v. KEEFE et al.

(Supreme Court, Appellate Division, Third Department. May 8, 1907.)

1. TAXATION—ASSESSMENT—REVIEW—REMEDIES—CERTIORARI.

Certiorari, and not mandamus, is the proper remedy to review an assessment for taxation made by officers having jurisdiction to make the assessment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 290.]

2. SAME—DATE OF ASSESSMENT.

Under Village Law, Laws 1897, p. 401, c. 414, § 104, as amended by Laws 1905, p. 570, c. 300, providing that the assessors of a village shall, on or before the first Tuesday in June, prepare an assessment roll of property taxable in the village, an assessment of property in a village must be considered as if made on or before the date specified in the statute, though the assessing officers, because of the amount of work involved in the completion of the assessment roll, are unable to complete it until a later date.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, §§ 530, 531.]

3. SAME—PROPERTY SUBJECT TO TAXATION.

Under Village Law, Laws 1897, p. 401, c. 414, § 104, as amended by Laws 1905, p. 570, c. 300, providing that the assessors of a village shall, on or before the first Tuesday in June, prepare an assessment roll of the property taxable in the village, real estate mortgages recorded under Mortgage Tax Law, Laws 1905, p. 2060, c. 729, and on which the taxes imposed thereby have been paid up to July 1, 1906, and exempt under section 292 from local taxation, are not subject to taxation by a village for the year 1906.

Appeal from Special Term.

Certiorari by the people, on the relation of Arobell Seelye and another, against John B. Keefe and another, as assessors of the village of Glens Falls, and another, to review an assessment on relators' property. From an order granting relief, defendants appeal. Affirmed.

The following is the opinion of McLaughlin, J., at Special Term:

The relators obtained a writ of certiorari to review an assessment upon their property for the purpose of taxation. Upon the return of the writ the respondents moved to dismiss the same upon the ground that relief, if obtained at all, must be by mandamus, and not by certiorari. The assessing board had jurisdiction, and acted, and therefore mandamus would not lie to compel it to act in any particular way. Certiorari is the proper remedy to review its acts. People ex rel. Chambers v. Wells, 110 App. Div. 341, 97 N. Y. Supp. 333; People ex rel. Bliss v. Feitner, 72 App. Div. 45, 76 N. Y. Supp. 219. The petition for the writ shows that the respondents assessed the property of the relators for the purpose of taxation at $5,100, and that on the 1st of August, 1906, they, by counsel, appeared before the respondents and asked that such assessment be corrected by reducing the same to $1,000, and at the

same time presented proof that all of the property assessed, except $1,000, was represented by bonds and mortgages upon real estate, which had been in the year 1905 recorded under the mortgage tax law, and taxes thereon paid to the 1st of July, 1906, and that the application was denied. The return shows that by reason of the amount of property in the village of Glens Falls to be assessed, and the large amount of work involved in the preparation and completion of the assessment rolls, the respondents were unable to complete it until about the 1st of August, 1906.

Village Law, Laws 1897, p. 401, c. 414, § 104, as amended by Laws 1905, p. 570, c. 300, provides that the assessors of a village of the first or second class shall, on or before the first Tuesday in June, prepare an assessment roll of property taxable within the village, in the same manner and form as required by law for the purpose of a town assessment roll, and whether or not property is taxable must be determined as of that date. The fact that the assessing board did not do what the statute directed it to do could not be used as the basis of either increasing or diminishing an assessment, inasmuch as the assessment must be considered as made at the time limited for making the inquiry, viz., on or before the first Tuesday of June. Mygatt v. Washburn, 15 N. Y. 316; Clark v. Norton, 49 N. Y. 243; Westfall v. Preston, 49 N. Y. 349; Ætna Ins. Co. v. Mayor, 153 N. Y. 331, 47 N. E. 593; Matter of American Fine Arts Society, 6 App. Div. 496, 39 N. Y. Supp. 564, affirmed 151 N. Y. 621, 45 N. E. 1131; Sexton v. Pepper, 28 Hun, 31. The only changes which the assessing board is permitted to make after that date are simply to correct mistakes. Boyt v. Gray, 34 How. Prac. 323. If the assessment in question be considered made as of the time when it should have been made under the statute, then the relators were entitled to have their assessment reduced to $1,000, inasmuch as all of the property assessed, over and above that amount, was exempt under the provisions of section 292, c. 729, p. 2060, of the Laws of 1905. This statute was then in force, and so continued until the 1st of July, 1906 (chapter 532, p. 1447, Laws of 1906). This conclusion is reached upon the assumption that the assessment was intended to be one in fact against the relators, and that the material facts set out in the petition are not denied in the return, as per concession made in open court and written stipulation presented.

There is nothing to show that the respondents, in making the assessment acted with gross negligence, in bad faith, or with malice, and therefore they cannot be charged with costs. The relators, however, are entitled to costs and disbursements against the village. Chapter 281, p. 536, Laws of 1905.

The assessment, therefore, is reduced to the sum of $1,000, with costs and disbursements to the relators against the village of Glens Falls. Such costs and disbursements, however, are not to exceed those in an action upon the trial of an issue of fact in the Supreme Court.

Argued before SMITH, P. J., and CHESTER, KELLOGG, SEWELL, and COCHRANE, JJ.

Daniel J. Finn, for appellants.

Edward M. Angell, for respondents.

PER CURIAM. Order affirmed, with costs, upon opinion of McLaughlin, J., at Special Term.

---

(119 App. Div. 437)

STATON v. MASON.

(Supreme Court, Appellate Division, Second Department. May 3, 1907.)

1. MASTER AND SERVANT—PROSECUTION BY SERVANT—AUTHORITY—EVIDENCE.

A finding that the act of defendant's credit clerk, in having plaintiff arrested and prosecuted for removing from the state furniture which he had bought at defendant's store and mortgaged to defendant to secure the installments of the purchase money, was binding on defendant, is authorized by evidence that the prosecution and arrest were directed by de-